IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA HARRIS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:06cv1036-WC |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Plaintiff Donna L. Harris (hereinafter Harris) applied for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* (2000) (hereinafter the Act), alleging that she was unable to work because of a disability. Harris's application was denied at the initial administrative level. Harris then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] See Chester v. Bowen, 792 F.2d 129,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986).[2]  The case is now before the Court for review under 42 U.S.C. §§ 405(g), 1383(c).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #13); Def.'s Consent to Jurisdiction (Doc. #12).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

---

[2]Based on the Court's review of the administrative record, the Court questioned the parties whether Harris had filed a psychological evaluation prepared by Dr. Robin Kurtz (Dr. Kurtz) with the Appeals Council for consideration in reviewing the ALJ's determination.  Order of October 22, 2007 (Doc. #19).  The purpose of this inquiry was to determine from which administrative decision Harris sought review.  Harris's counsel certified in a supplemental brief that she could not locate any verification that a copy of Dr. Kurtz's evaluation was indeed submitted to the Appeal Council.  Pl.'s Supp. Br. (Doc. #20).  The Commissioner's supplemental brief certified that the Appeals Council located Harris's claims file, and it did not contain any evidence that Dr. Kurtz's evaluation was submitted.  Accordingly, the Commissioner certified the Appeals Council did not consider the evaluation before rendering its decision denying Harris's request for review.  Def.'s Supp. Br. (Doc. #21).  As Harris cannot verify whether the evaluation was submitted, the Court cannot find that "new evidence" as defined in the Act was presented to the Appeals Council.  Moreover, the Court points out Harris's brief only presents issues challenging the ALJ's determination.  Pl.'s Mem. Brief (Doc. #16) at 3, 6-8 (hereinafter Pl.'s Br.).  Accordingly, this Court reviews the ALJ's determination denying her disability benefits.  See 42 U.S.C. § 405(g) (providing that when no new evidence is presented to the Appeals Council and it denies review, then the ALJ's decision is necessarily reviewed as the final decision of the Commissioner).

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination,[3] the Commissioner employs a five step, sequential evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[4] McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

**III.   ISSUE**

   *A.   Introduction*

Harris was thirty-six years old at the time of the hearing before the ALJ and had completed eight years of education. See Tr. at 188, 191.[5] Harris's prior work experience includes work as a kitchen helper and housekeeper. Tr. at 198-99. Following the

---

[5] The Court observes an inconsistency in the record: Harris testified she attended special education classes, but did not complete the ninth grade. Tr. at 191; see also Tr. at 106 (providing Harris finished ninth grade), 171 (same). High school records reveal Harris's mother granted permission for Harris to attend special education classes. Tr. at 100. Harris, however, indicated on her Disability Report that she completed ten years of education and did not attend special education classes. Tr. at 94.

4

administrative hearing, the ALJ concluded that Harris had no severe impairment that would significantly limit her ability to perform basic work-related activities. Tr. at 13.

### B.   Harris's Claim

Harris presents one issue for review. As phrased, Harris argues the ALJ "erred as a matter of law when he determined that [Harris] had no severe impairment." Pl.'s Br. (Doc. #16) at 6. As argued, Harris contends she "has met her burden of providing evidence to establish the presence of [two] severe impairment[s]." Id. at 8 (concluding the "ALJ's decision was not based on substantial evidence"). Accordingly, the Court reads Harris's argument as contesting whether the ALJ's severity determination was supported by substantial evidence. The Commissioner refutes Harris's contention, arguing the ALJ properly considered the severity of Harris's impairments. Def.'s Mem. Supp. Comm'r Decision (Doc. #17) at 3-8 (hereinafter Def.'s Br.).

Employing the five step process, the ALJ found that Harris has not engaged in substantial gainful activity since the February 23, 2004 (Step 1). Tr. at 13. At Step 2, the ALJ found the "medical record did not support a finding that [Harris] had a medically determinable impairment that could reasonably be expected to produce a disabling level of pain or other symptoms." Id. He therefore concluded Harris did not have any impairment or combination of impairments which "significantly limit her ability to perform basic worked-related activities." Id. Consequently, the ALJ found Harris was not under a disability as defined in the Act. Id.

**IV.     DISCUSSION**

As stated above, Harris argues the ALJ completely ignored record evidence demonstrating the existence of two severe impairments:  mental retardation and asthma.  Defendant maintains substantial evidence on the record as a whole supports the Commissioner's decision, as Harris has failed to provide medical evidence of a mental impairment and her asthma is well controlled generally on medication.  See Def.'s Br. at 5, 8.  The Court agrees with the Commissioner.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(I), 1382c(3)(A); 20 C.F.R. §§ 404.1505, 404.1509 (emphasis added).  Id.  Thus, in making a disability determination, an ALJ must consider each impairment alleged that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  Id.; Hurley v. Comm'r of Soc. Sec., 147 Fed. Appx. 103, 106-07 (11th Cir. 2005) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)).  "'Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled.'"  Hurley v. Comm'r of Soc. Sec., 147 Fed. Appx. at 107 (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)).

A severe impairment is one which "significantly limits [the plaintiff's] physical or mental ability to do basic work activities."[6] 20 C.F.R. §§ 404.1520(c), 416.920(c). The Eleventh Circuit has established that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Also in McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986), the Brady analysis was discussed as follows:

> At step two of § 404.1520 and § 416.920, a claimant's impairment is determined to be either severe or not severe. Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

Id. at 1031. Pursuant to Bridges v. Bowen, 815 F.2d 622, 625-26 (11th Cir. 1987), if an

---

[6]"Basic work activities" are defined as
the abilities and aptitudes necessary to do most jobs . . . [including] –
(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.
20 C.F.R. § 404.1521(b).

impairment causes only mild effects on a claimant's ability to work, or is amenable to medical treatment, it may be found not severe. Id.  Additionally, 20 C.F.R. § 404.1520 states that an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities."  Id.  Thus, it follows that a diagnosis alone or a mere showing of "a deviation from purely medical standards of bodily perfection or normality" is not a sufficient basis for finding an impairment severe; instead, the claimant must show the effect of the impairment on her ability to work.  Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005); Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M. D. Ala. 2002) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)).

The determination at step two is based on medical factors alone.  Sellers, 246 F. Supp. 2d at 1211 ("Objective medical evidence must confirm that the impairment is severe.") (citing Social Security Ruling 96-3p (July 2, 1996) (hereinafter SSR 96-3p));[7]

---

[7]SSR 96-3p of the Social Security Administration sets forth a policy interpretation ruling in considering allegations of pain and other symptoms to determine whether a medically determinable impairment is severe.  In relevant part, the interpretation provides:
> At step 2 of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. . . . *A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities.*

see also Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003).  A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges he or she was disabled.  20 C.F.R. § 404.1512(c); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1987) (finding that at step two of the inquiry, the burden of proof is on plaintiff to prove that an impairment is severe and more than a mere, slight abnormality).  The evidence that a claimant has an impairment must come from acceptable medical sources including licensed physicians or psychologists.  20 C.F.R. § 404.1513(a).  As Harris concedes, a claimant's statements regarding the severity of an impairment are insufficient to establish a severe impairment.  Pl.'s Br. at 7; Diorio v. Heckler, 721 F.2d 726, 728-29 (11th Cir. 1983) ("Statements of the claimant . . . are, alone, insufficient to establish the presence of a severe physical or mental impairment.").

      The undersigned finds Harris did not meet her burden of proving her mental impairment –mental retardation– is more than a mere, slight abnormality.  The administrative record contains no record of treatment for mental impairment or illness.  The medical record consists of one psychological consultative examination by Dr. Scott Jay Stewart (hereinafter Dr. Stewart), who did not have a treating relationship with Harris.  Tr. at 171-73.  Dr. Stewart did not diagnose Harris with a specific mental disease, illness or impairment which would significantly affect Harris's ability to perform basic work activities.  Rather, Dr. Stewart found that no diagnostic or vocational estimates

---

Id. (Emphasis added).

could be drawn from the evaluation because Harris did not appear to put forth her best effort towards the tasks and the results should not be considered representative of Harris's abilities. Id. at 171, 173, 178. Nevertheless, Dr. Stewart found Harris only had mild limitations in all areas of functioning. Tr. at 177-78. Two treatment notes dated October 14, 2004, and June 28, 2005, assess Harris's functioning as having independence in her activities of daily living. Tr. at 141, 153. As pointed out by the Commissioner, Harris did not include mental retardation as a condition which limited her ability to work on her Disability Reports, nor does she cite to any affirmative medical evidence on the record that would indicate Harris's mental retardation would have more than a minimal effect on her ability to engage in basic work activities.[8] Tr. at 57, 90; see also id. at 39 (seeking reconsideration because Harris is "not able to work due to my asthma"), 82 (listing only lower back pain as a disabling condition, symptom, or functional restriction). In the absence of this medical evidence,[9] the ALJ did not err at Step 2 when he found that

---

[8]The undersigned notes Harris references the IQ scores Dr. Stewart pronounced in support of her claim. Pl.'s Br. at 4, 7. Dr. Stewart, however, questioned Harris's motivation during the examination and found Harris did not appear motivated to participate in the examination. Tr. at 172-73. As a result, Dr. Stewart invalidated Harris's test results and set forth no diagnostic or vocational estimates. Under these circumstances, the Court does not find the examination supports her claim, as it clearly does not set forth any affirmative diagnosis or vocational estimate. See Tr. at 11-12.

[9]Harris cites to a school record showing that her mother authorized Harris to enroll in Educable Mentally Retarded classes and her work history in support of her argument. She also cites her testimony during the hearing, which provided she has never maintained a checking account; she is unable to read correspondence sent from the Social Security Administration and to help her children with homework; and she does not go to the grocery store alone. Pl.'s Br. at 7. Harris urges the Court to evaluate this evidence in

Harris's mental retardation was not a severe impairment. See Wind v. Barnhart, 133 Fed. Appx. at 690-91 (concluding the ALJ did not err by not including obesity in its list of severe impairments when the record contained no evidence that claimant's obesity affected her ability to perform medium work-related activities).

The undersigned also finds Harris did not meet her burden of proving her asthma constituted a severe impairment. The medical evidence in the record reveals that Harris received intermittent treatment for her asthma from September 2000 through December 2004. Tr. at 104-05 (containing an evaluation by Dr. Michael W. Johnston on April 9, 2004, diagnosing Harris with asthma), 120 (containing a treatment note from Dr. Sheila Hughes on September 28, 2000, for acute bronchitis), 121 (containing a treatment note from Dr. Sheila Hughes on December 13, 2000, for follow-up from emergency room visit for asthma), 122 (containing a treatment note from Dr. Sheila Hughes on December 22, 2000, for chest tenderness), 125-26 (containing treatment notes from Dr. Linda Borkat dated July 11, 2002, and September 28, 2001, for asthma and congestion in the chest accompanied by soreness, cough, fever, and chills, respectively), 127 (containing a

---

connection with her IQ scores. As explained supra, the IQ scores were deemed unreliable. Obviously, Harris's school record, work history, and testimony do not constitute medical evidence; consequently this evidence cannot support her claim. And, the ALJ did not err in ignoring this evidence on which Harris relies.
  Moreover, some of the evidence on which Harris relies is contradicted by her testimony and other statements on the record. As the Commissioner points out, Harris testified she left her past work for a variety of reasons, none of which included a mental inability to perform the work. Tr. at 197-201. Harris's Disability Report provided that Harris could read English and write more than her name in English. Tr. at 90.

treatment note from Dr. Linda Borkat noting emergency room diagnosis of bronchitis and/or sinusitis on January 24, 2002), 147-48 (containing an emergency room treatment note for a "bad cold" and chest pain on December 19, 2004), 151-52 (containing an emergency room treatment note for acute bronchitis–asthmatic on October 14, 2004); see also id. at 140 (noting during an abdominal x-ray on June 28, 2005, Harris's lungs were clear). The Court notes there is no medical evidence in the record concerning Harris's asthma from January 2005 through the ALJ's decision in March 2006. The medical evidence *that is* in the record during this time fame reveals that Harris did not identify nor was she diagnosed with or treated for asthma. Tr. at 141, 144. Moreover, while Harris testified at the hearing in September 2005 she currently was taking multiple medications for asthma, Harris stated the medications help. Tr. at 201-02.

As a whole, the record evidence indicates that Harris was diagnosed with and received her intermittent treatment for asthma prior to and following her application for disability in February 2004. This intermittent treatment suggests her asthma was generally well controlled with medication. See Tr. at 121, 126, 141. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (quoting Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987) (footnote omitted)); see Bridges v. Bowen, 815 F.2d 622, 626 (11th Cir. 1987) (upholding Commissioner's decision as supported by substantial evidence and consistent with legal standards where plaintiff's

impairments were not severe because they were mild and amenable to treatment). Accordingly, the record supports the ALJ's determination that Harris's asthma was not severe. The decision of the ALJ is therefore affirmed on this ground.

## V.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence. That decision is affirmed. A separate order will issue.

DONE this 14th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE